UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**6600 PLAZA SQUARE, LLC, et al.**                                                    **CIVIL ACTION**

**VERSUS**                                                                                              **NO. 22-647-BAJ-SDJ**

**CERTAIN UNDERWRITERS AT
LLOYD'S LONDON, et al.**

## ORDER

Before the Court is a Motion for Leave to Intervene (R. Doc. 4) filed by GeoVera Specialty Insurance Company and Transverse Specialty Insurance Company on September 20, 2022. No opposition to this Motion has been filed, and the deadline for doing so has passed.[1] As explained below, this Motion is **granted**.

This case arises from alleged damage to a commercial building caused by Hurricane Ida.[2] Proposed Intervenors "subscribe to the same Account Policy as the Defendants named in the original state court petition."[3] As "Plaintiffs seek to collect proceeds from the Account Policy and bad faith penalties against the insurers on that Account Policy," Proposed Intervenors claim they "have legal and contractual rights and a legally defensible interest in the litigation, [which] will be severely prejudiced if not permitted to intervene."[4] Proposed Insurers, therefore, request "interven[tion] in this matter as of right, or, in the alternative, permissively."[5]

---

[1] In their Motion for Leave to Intervene, Proposed Intervenors certify that no Party objects to their intervention. However, they state that both Plaintiffs, as well as Defendant AmRisc, LLC, had not responded at the time the Motion was filed. R. Doc. 4-5.
[2] R. Doc. 1-2 at 4.
[3] R. Doc. 4 at 1.
[4] *Id.* at 1-2.
[5] *Id.* at 1.

"Rule 24(a) provides that the court must permit anyone to intervene who (1) is given an unconditional right to intervene by a federal statute or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Hanover Ins. Co. v. Superior Labor Servs., Inc.*, 179 F.Supp.3d 656, 666 (E.D. La. 2016) (citing Fed. R. Civ. P. 24(a)). Proposed Intervenors cite to no federal statute giving them an unconditional right to intervene. "Absent a statute giving a right to intervene, Rule 24(a) imposes four requirements for intervention as of right: (1) timeliness, (2) an interest relating to the subject matter of the main action, (3) at least potential impairment of that interest if the action is resolved without the intervenor, and (4) lack of adequate representation by existing parties." *Id.* (quoting *Vallejo v. Garda CL Sw., Inc.*, No. 12-0555, 2013 WL 391163, at *5 (S.D. Tex. Jan. 30, 2013)).

Here, Proposed Intervenors have satisfied these four requirements. Their Motion to Intervene was timely, having been filed a mere four days after the matter was removed to this Court and less than one month after this matter was originally filed in state court.[6] Proposed Intervenors have an interest relating to this action, as they subscribe to the Account Policy allegedly implicated in Plaintiffs' Petition as the commercial property insurance policy covering their property when it suffered damage caused by Hurricane Ida.[7] Their ability to defend this interest, however, will be impaired if they are not allowed to intervene. As aptly explained by Proposed Intervenors, who subscribe to a "14.5% share of the Account Policy," arbitration of this

---

[6] R. Docs. 1, 1-2.
[7] R. Doc. 1-2 at 4-5. The Court notes that Plaintiffs cite to policy number 744515 repeatedly in their Petition. Per Proposed Intervenors, this policy is a former policy that was in effect when Hurricane Zeta hit and was implicated in a prior suit in this Court. Per Proposed Intervenors, while they did not subscribe to that former policy, which they claim is cited in this case as a mistake or oversight, they do subscribe to the policy in effect during the time of Hurricane Ida. R. Doc. 4-1 at 3.

case, which is the subject of a still-pending motion, could proceed without them, with Plaintiff possibly suing Proposed Intervenors in state court and thereby opening the possibility of an outcome inconsistent with those of the other insurers.[8] Finally, while the existing insurer Defendants likely have a similar position in this litigation as Proposed Intervenors, there is no guarantee of this. As no entity would be directly representing their 14.5 % share of the potential liability under the Account Policy here at issue, the Court acknowledges that Proposed Intervenors' interests may not be adequately represented by the existing Parties. As all four requirements for intervention as of right have been met, and as this Motion to Intervene is not opposed, the Court will grant Proposed Intervenors' Motion.

Accordingly,

**IT IS ORDERED** that the Motion for Leave to Intervene (R. Doc. 4) filed by GeoVera Specialty Insurance Company and Transverse Specialty Insurance Company is **GRANTED**, and the Clerk's Office shall file their Complaint for Intervention (R. Doc. 4-2) into the record.

Signed in Baton Rouge, Louisiana, on January 17, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] R. Doc. 4-1 at 7, 9.